Filed 7/9/26  P. v. Alexander CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>v.<br><br>DARRYL KEITH ALEXANDER,<br>        Defendant and Appellant. | C103023<br><br>(Super. Ct. No. 10F05063) |

The trial court resentenced defendant Darryl Keith Alexander pursuant to Penal Code section 1172.75.[1]  Alexander appeals, contending:  (1) the court abused its discretion in declining to dismiss two five-year prior serious felony enhancements; (2) the court failed to award credit for the time he served in custody; (3) the court imposed fees that should have been vacated; and (4) the court imposed repealed fees.  The People contend the court did not abuse its discretion in declining to dismiss the enhancements but concede the remaining issues.

We conclude the trial court acted within its discretion.  We agree with the parties that the trial court must correct the other errors and remand for that limited purpose.

_____

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 2010, while operating a motor home under the influence of alcohol, Alexander struck and killed his girlfriend. (*People v. Alexander* (Oct. 26, 2012, C068986) [nonpub. opn.].)[2]

Following a bench trial, the trial court found Alexander guilty of six offenses: murder (§ 187, subd. (a)—count one); vehicular manslaughter while intoxicated, with gross negligence (§ 191.5, subd. (d)—count two); hit and run resulting in injury or death (Veh. Code, § 20001, subd. (b)(2)—count four); driving under the influence resulting in injury (Veh. Code, § 23153, subd. (a)—count five); driving under the influence resulting in injury with a blood-alcohol content above 0.08 percent (Veh. Code, § 23153, subd. (b)—count six); and misdemeanor driving on a suspended license (Veh. Code, § 14601.1, subd. (a)—count seven). The trial court also found true allegations that Alexander served a prior term in prison (§ 667.5, former subd. (b)) and was previously convicted of two serious felonies (§ 667, subd. (a)) that were also strike offenses (§§ 667, subds. (b)-(i), 1170.12).

In July 2011, the trial court sentenced Alexander to an aggregate term of 70 years to life plus 11 years, which included two five-year enhancements pursuant to section 667, subdivision (a)(1) and a one-year enhancement pursuant to section 667.5, former subdivision (b). The court imposed a $10,000 restitution fine (§ 1202.4, subd. (b)) and a matching parole revocation fine (suspended unless parole is revoked) (§ 1202.45). Pursuant to former Government Code section 29550.2, the court imposed a main jail booking fee of $287.78 and a main jail classification fee of $59.23. (Former Gov. Code, § 29550.2, as amended by Stats. 1997, ch. 47, § 2, repealed by Stats. 2020, ch. 92, § 25.) The court also ordered Alexander to submit to AIDS testing pursuant to section 1202.1.

---

[2] On the court's own motion, we incorporate by reference our unpublished opinion in Alexander's prior appeal, *People v. Alexander*, *supra*, C068986.

On direct appeal, this court struck from the judgment the trial court's order requiring Alexander to submit to AIDS testing and affirmed the judgment as modified. (*People v. Alexander*, *supra*, C068986.)

In 2023, the trial court identified Alexander as eligible for resentencing under section 1172.75. Alexander asked the court to resentence him without imposing the now-repealed one-year prior prison term enhancement. He further requested the court strike his prior strike convictions, change the principal count from count one to count four, impose the lower or middle term, and strike the five-year prior serious felony enhancements in light of his postconviction conduct. In the alternative, Alexander asked the court to impose concurrent sentences.

The People argued the facts of the current offense, coupled with Alexander's recidivist history, placed him squarely within the spirit of the three strikes law. They also argued it would not be in the interest of justice to dismiss the section 667, subdivision (a) enhancements given the violent nature of the commitment offense and Alexander's lengthy criminal history. Moreover, leaving count one as the principal count was appropriate given the severity of Alexander's crimes.

At resentencing in December 2024, the trial court noted that it considered the parties' briefs and exhibits, the original probation report, and the transcript from the original sentencing. With regard to the strike offenses, the court found Alexander's criminal history, the "heinous" nature of the commitment offenses, and his poor performance on probation or parole placed him directly within the spirit of the three strikes law. Accordingly, the court declined to exercise its discretion to strike the prior strike convictions.

With regard to the section 667, subdivision (a) enhancements, the trial court explained that pursuant to section 1385, subdivision (c), it must consider whether it was in the interest of justice to strike those enhancements. The court noted it also was

3

required to give great weight to the statutory mitigating circumstances unless the court were to find dismissal of the enhancements would endanger public safety.

The trial court ruled as follows: "The defense argues mitigating factors under [section] 1385[, subdivision] (c)(2). The defense, in its brief, does highlight some of the rehabilitative efforts the defendant has undertaken while incarcerated. [¶] The Court finds that, pursuant to Penal Code section 1385[, subdivision] (c)(2), dismissal of the enhancement would endanger public safety; and thus, I will not exercise my discretion to do so. Dismissing the enhancements would not clearly be in the interest of justice, as the defendant has victimized numerous individuals, ranging from members of the community to murdering people that he shared close personal relationships with." The court advised Alexander: "This sentence is the result of your body of work, Mr. Alexander, your history of administering terror and carnage to the community at large."

The court imposed an aggregate sentence of 70 years to life plus 10 years, the same as the prior sentence, less the now-invalid one-year prior prison term enhancement. The court also imposed "all previous fines, fees, and restitution orders." Alexander timely appealed in February 2025. His opening brief was filed in September 2025, and this case was fully briefed on February 25, 2026.

DISCUSSION

Alexander raises four arguments on appeal. First, he contends the trial court abused its discretion by declining to dismiss the five-year prior serious felony enhancements without considering his "record of postconviction rehabilitation" and failing to consider whether he would be a danger to the public in the future. Second, he contends the trial court failed to award credit for the days he served in custody between the initial sentencing and the resentencing. Third, he contends the court imposed fees that should have been vacated. Finally, he contends the court imposed fees that have since been repealed and should be stricken. The People argue the trial court did not

4

abuse its discretion in declining to dismiss the five-year enhancements.  The People concede the remaining issues.

I

*The Five-Year Enhancements*

Alexander contends the trial court abused its discretion by applying an incorrect legal standard under section 1385, subdivision (c)(2) when determining whether to dismiss one or more of the prior serious felony enhancements, which added 10 years to his sentence.  Relying primarily on *People v. Gonzalez* (2024) 103 Cal.App.5th 215 (*Gonzalez*) and *People v. Williams* (2018) 19 Cal.App.5th 1057, Alexander asserts the court erred by ignoring his rehabilitative efforts and failing to consider whether he would be a danger to the public in the future, at the time he would be released if the enhancements were dismissed.

A.      *Legal Principles and Standard of Review*

"(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.  [¶]  (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of [several enumerated] mitigating circumstances … are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."
(§ 1385, subd. (c); see *People v. Walker* (2024) 16 Cal.5th 1024, 1033-1035 (*Walker*);
*People v. Mendoza* (2023) 88 Cal.App.5th 287, 295.)  As relevant to Alexander's argument on appeal, section 1385, subdivision (c)(2) indicates it is a mitigating circumstance when multiple enhancements are alleged in a single case.  (§ 1385, subd. (c)(2)(B).)

As our Supreme Court has clarified, "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present. [Citation.] In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker*, *supra*, 16 Cal.5th at p. 1029.)

We review a trial court's determination that dismissal of an enhancement would endanger public safety for an abuse of discretion. (*People v. Mendoza*, *supra*, 88 Cal.App.5th at p. 298.) Under this "highly deferential" standard (*ibid.*), " ' "we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious." ' " (*People v. Garcia* (2024) 101 Cal.App.5th 848, 857.) " '[A]n abuse of discretion arises if the trial court based its decision on impermissible factors … or on an incorrect legal standard.' " (*Gonzalez*, *supra*, 103 Cal.App.5th at p. 225.)

B.    *Analysis*

Relying on *Gonzalez*, Alexander argues the trial court failed to consider his rehabilitative efforts and how they impacted his current and future dangerousness. In his view, the trial court failed to determine whether he would present a danger to public safety if he were released from custody 10 years earlier, particularly given that he would not even be eligible for parole until he was in his 60's and his release would be subject to review by the Board of Parole Hearings.

6

In *Gonzalez*, the trial court "believed that it was required to decide whether the defendant 'currently at the time of sentencing represent[s] a danger to society.' Premised on its understanding of the proper inquiry, the trial court imposed the firearm enhancement based on its conclusion that [the defendant] 'presently … does represent a danger to society.' " (*Gonzalez*, *supra*, 103 Cal.App.5th at p. 227.) The appellate court concluded the trial court's "singular focus on whether the defendant *currently* poses a danger" amounted to an abuse of discretion. (*Id*. at p. 228.) The court explained that "section 1385, subdivision (c)(2) focuses on the danger associated with the dismissal of an enhancement," not the defendant's current dangerousness. (*Ibid*.) The court continued: "Although the current dangerousness of the defendant is an appropriate factor to consider, as it will have some bearing on whether dismissing the enhancement would endanger the public, a crucial part of the inquiry is how the dismissal of the enhancement will impact the length of the defendant's sentence." (*Ibid*.) Thus, the trial court should have employed " 'a forward-looking inquiry' " that not only accounted for the defendant's current dangerousness, but also considered "the date on which the defendant would be released under the revised sentence …." (*Id*. at p. 229.)

Here, the trial court acknowledged the statutory mitigating factors as well as Alexander's rehabilitative efforts. Nevertheless, the trial court found that, based on the violent nature of Alexander's crimes and his extensive criminal history, dismissing the enhancements would endanger public safety. This finding was not an abuse of discretion.

The trial court was not required to state reasons for declining to exercise its discretion under section 1385. (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) Moreover, there is no indication the court limited its inquiry to whether Alexander was presently a danger to public safety. Absent evidence to the contrary, we presume the trial court knew and applied the governing law. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.) We must also presume the trial court considered all relevant factors unless the record affirmatively demonstrates otherwise. (*Brugman*, at p. 637.) The court properly

7

cited the applicable law and was aware of its authority to impose a lesser enhancement in the alternative.  On this record, the court did not abuse its discretion in imposing the two five-year enhancements.

## II

### *Custody Credits*

We agree with the parties that the trial court should have calculated and included in the amended abstract of judgment the actual time Alexander spent in custody between the initial sentencing and the resentencing.

Pursuant to section 2900.1, "[w]here a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."  This means a court resentencing a defendant must credit the defendant "with all *actual* days he had spent in custody, whether in jail or prison, up to that time."  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37; see §§ 2900.1, 2900.5; see generally Couzens et al., Sentencing California Crimes (The Rutter Group Aug. 2025 update) §§ 15:15, 15:20, 15:24, 26:6.)  The updated total of credit must then be added to the abstract of judgment.  (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1125, 1129-1130; § 2900.5, subd. (d).)

Here, the most recently amended abstract reflects no credit for time served.  On remand, the trial court will need to recalculate the number of days Alexander spent in custody from the initial sentencing through the date of the resentencing and prepare an updated abstract of judgment.  The abstract of judgment also will need to reflect that the new sentence was pronounced at the resentencing hearing on December 13, 2024, not the date of the original sentencing.

*Fines/Fees*

A.      *Restitution Fine*

We agree with the parties that the $10,000 restitution fine (§ 1202.4) must be vacated.  Effective January 1, 2025, Assembly Bill No. 1186 (2023-2024 Reg. Sess.) (Stats. 2024, ch. 805, § 1) amended section 1465.9 to add subdivision (d), which provides:  "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."  (§ 1465.9, subd. (d).)

The trial court originally imposed a restitution fine when it sentenced Alexander in 2011.  At his resentencing hearing in December 2024, the trial court ordered "all previously imposed fines and fees" be reimposed and the most recent amended abstract of judgment reflects the original $10,000 restitution fine.  Because the restitution fine was first imposed approximately 15 years ago, it is now unenforceable and uncollectible under section 1465.9, subdivision (d).  We will vacate the fine accordingly.

B.      *Repealed Fees*

We agree with the parties that the trial court was not authorized to impose fees under former Government Code section 29550.2.  The Legislature repealed that statute effective July 1, 2021.  (Stats. 2020, ch. 92, § 25.)  Even if Government Code section 29550.2 were still in effect, the Legislature has declared such fees "unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)  Accordingly, we vacate the main jail booking fee of $287.78 and the main jail classification fee of $59.23 imposed by the trial court.

## IV

### *Clerical Error in Abstract*

We note a clerical error in the most recently amended abstract of judgment. The abstract includes a solitary numeral "1" in section 3 of the enhancements section. The numeral is listed without an identifying label and is not included in the aggregate sentence. Presumably, this numeral is left over from the prior prison term enhancement that was stricken by the trial court at resentencing and should be deleted. We will direct the trial court to correct the amended abstract of judgment by deleting this errant numeral.

### DISPOSITION

The judgment is modified to reflect vacatur of the $10,000 restitution fine imposed pursuant to section 1202.4, subdivision (b) as well as the main jail booking fee and main jail classification fee, both imposed pursuant to former Government Code section 29550.2. The judgment is affirmed as modified.

The matter is remanded to the trial court with directions to recalculate Alexander's custody credits and delete the errant numeral 1 in section 3 of the amended abstract of judgment. The trial court is further directed to prepare a newly amended and corrected abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
BOULWARE EURIE, J.

We concur:

/s/
KRAUSE, Acting P. J.

/s/
MESIWALA, J.

10